UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TALMA KATZ,                                    CASE NO. 3:17-CV-183
    *Plaintiff,*                             DEMAND FOR JURY TRIAL

    v.

ROOMS TO GO.COM, INC., and/or
RAC ACCEPTANCE EAST, LLC
d/b/a ACCEPTANCE NOW EAST, LLC,
    *Defendant(s).*
_____/

**FIRST AMENDED COMPLAINT**

Plaintiff, TALMA KATZ (hereinafter "Ms. Katz"), brings this action to recover damages and equitable relief against Defendant(s), arising from the unlawful acts of Defendant(s) in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA"), and the Florida Consumer Credit Collection Practices Act, §559.55, Fla. Stat. (2013) ("FCCPA"). In support of her claims, Plaintiff states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 47 U.S.C. § 227. Supplemental jurisdiction for all state claims exists pursuant to 28 U.S.C. §1367. Venue is proper because the causes of action alleged herein accrued here in this District.

**PARTIES**

2. Plaintiff, Ms. Katz, is a person who resides in Florida. The subject account and mailing address is situated in Duval County, Florida, where a substantial part of the events below occurred giving rise to the present claim(s). Defendant(s), Rooms To Go.com, Inc. ("RTG"), and

RAC Acceptance East, LLC d/b/a Acceptance Now East, LLC ("RAC"), are both Florida Corporations in the business of selling furniture, financing purchases, and collecting on consumer debts in Florida.

3. Defendant(s) regularly attempt to collect debts incurred for personal, family or household purposes from consumers. At all times relevant hereto, Defendant(s) were acting as debt collectors with respect to a consumer debt.

4. All conditions precedent to bringing this action have been satisfied, waived or excused. This action is timely filed.

## FACTS GIVING RISE TO RELIEF

5. In or around March 2014, Ms. Katz opened an account for cellular telephone service with Verizon, through its trademarked provider, Verizon Wireless[1].

6. At all times relevant herein, Ms. Katz was and continues to be the sole user of the cell phone and the associated (954) 240-XXXX.

7. In or around February 2015, Ms. Katz began receiving cell phone calls from Defendant(s) at the (954) 240-XXXX number.

8. The caller id on Ms. Katz's cell phone revealed the phone call was coming from Defendant(s). Ms. Katz was unfamiliar with this number; however, she did answer at least 20 of these calls. When Ms. Katz answered a call from Defendant(s), there was a short pause and she was eventually routed to a human being, at which time she told them that they were calling a wrong number, that the number was hers alone, and to stop calling.

9. Ms. Katz has never had any prior business relationship with Defendant(s), nor

---

[1] For privacy reasons, the # is not set forth in full herein; however, upon agreement of the parties or order of the Court regarding the confidential handling of the full Mobile #, Plaintiff will provide the cell phone number in full.

does she have any delinquent debt or any account that is in collection.

10. The cell phone calls received on Ms. Katz's Mobile # were placed by Defendant(s) using an automated dialing system.

11. Despite Ms. Katz's notifications that they were calling a wrong number, Defendant(s) continued to call Ms. Katz's Mobile # numerous times. As of the filing of this Complaint, Ms. Katz has a record of at least 75+ calls from Defendant(s) to her, but there may be many more that have been made. Defendant(s) have the records of the number of times it has called Ms. Katz's Mobile #.

12. Defendant(s) are subject to, and required to abide by, the laws of the United States and the State of Florida which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2), and the Florida Consumer Collection Practices Act.

## Count I
## Violation of the Telephone Consumer Protection Act

13. Plaintiff incorporates by reference and re-alleges each of the allegations contained in Paragraphs 1-12 of this Amended Complaint.

14. Defendant(s) have placed numerous automated calls to Plaintiff's cell phone number, despite being informed that they were calling a wrong number.

15. None of the calls placed by Defendant(s) were pursuant to an established business relationship with Plaintiff, and Plaintiff has never had an account with Defendant(s).

16. Defendant(s)' method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which is the hallmark of an automatic telephone dialing system (*i.e.,* auto-dialer) in that in each call Ms. Katz would answer the call, hear a pause, then shortly be connected to a live person.

17. With each call placed to the Mobile#, Defendant(s) violated 47 U.S.C. §227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and/or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

18. Defendant(s) were advised that they were calling the wrong number, yet they ignored this and continued to call Plaintiff's cell phone at the Mobile # numerous times.

19. Defendant(s)' actions were deliberate, willful and in complete disregard for the law.

**WHEREFORE**, Plaintiff requests this Court to enter a judgment against Defendant(s) pursuant to the Act as follows:

a. Five-Hundred Dollars ($500.00) in statutory damages for each violation of the TCPA through unlawful calls made to Plaintiff's cell phone.

b. Fifteen-Hundred Dollars ($1,500.00) in statutory damages for each willful or knowing violation of the TCPA through unlawful calls made to Plaintiff's cell phone.

c. Award reasonable attorneys' fees and court costs to Plaintiff.

d. A permanent injunction prohibiting Defendant(s) from making non-emergency calls to Plaintiff 's cell phone at the Mobile # in violation of the TCPA; and

e. Grant such other and further relief as this Court deems equitable.

## COUNT II
### Violation of Florida's Consumer Collection Practices Act

20. Plaintiff incorporates by reference and re-alleges each of the allegations contained in Paragraphs 1-12 of this Complaint.

21. This action is for statutory damages, declaratory and injunctive relief pursuant §559.55, Fla. Stat. et seq. as a result of Defendant(s) unlawful practice of attempting to collect on alleged consumer debts without properly identifying itself as a debt collector and continuing to contact a consumer to attempt to collect on a debt knowing the consumer called does not owe the debt.

22. Ms. Katz is consumer as defined by §559.55(2), Fla. Stat. (2013).

23. Defendant(s) are a debt collector as defined by §559.55(6), Fla. Stat. (2013).

24. Defendant(s) violation of the FCCPA includes, but is not limited to, claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist, in violation of §559.72(9), Fla. Stat. (2013).

25. Defendant(s) actions caused Ms. Katz anger, anxiety, and loss of her time.

26. Plaintiff has been forced to retain the undersigned counsel and has promised to pay reasonable fees for those services. Defendant(s) are liable for those fees, as well as court costs, pursuant to §559.77, Fla. Stat. (2013).

**WHEREFORE**, Plaintiff requests the following relief:

a. A Judgment adjudging and declaring that Defendant(s) violated the FCCPA by calling Ms. Katz numerous times in the collection or the attempted collection of a debt, knowing she did

not owe the debt;

b.  A Judgment pursuant to the FCCPA enjoining Defendant(s) from any further contact with Plaintiff;

c.  A Judgment awarding Plaintiff her actual damages;

d.  A Judgment awarding statutory damages pursuant to §559.77, Fla. Stat. (2013) based upon Defendant(s)' violation of the FCCPA;

e.  A Judgment awarding costs of this action and reasonable attorneys' fees pursuant to §559.77, Fla. Stat. (2013); and

f.  Awarding Plaintiff such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Date: June 22, 2017

**ESPENSHIP, SCHLAX & ALBEE, LLC**

*/s/ Stephen F. Albee*                              */s/ Sean A. Espenship*

Stephen F. Albee, Esq./FBN 979686            Sean A. Espenship, Esq./FBN 128340
200 East Forsyth Street                              200 East Forsyth Street
Jacksonville, Florida 32202                         Jacksonville, Florida 32202
Tel: (904) 674-0717 Fax: (904) 674-0737     Tel: (904) 674-0717 Fax: (904) 674-0737
steve@esalawgroup.com                            sean@esalawgroup.com
*Attorney for Plaintiff*                               *Attorney for Plaintiff*